(F): Shollenberger, Jdn.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| JOHN M. SHOLLENBERGER, | ) | |
| | ) | |
| Debtor | ) | CASE NO. : 15-16956-REF |
| | ) | |
| | ) | **HEARING DATE:** |
| | ) | Thursday, October 12, 2017 |
| EXETER FINANCE CORP., | ) | 9:30 a.m. |
| Movant | ) | |
| | ) | |
| vs. | ) | **LOCATION:** |
| | ) | U.S. Bankruptcy Court |
| JOHN M. SHOLLENBERGER, | ) | The Madison Building |
| Respondent | ) | Courtroom No. 1 |
| | ) | 400 Washington Street |
| and | ) | Reading, PA 19601 |
| FREDERICK L. REIGLE | ) | |
| Trustee | ) | |

## STIPULATION

COME NOW, this ____ day of _____, 2017, *John M. Shollenberger*, through Debtor's attorney, *George M. Lutz, Esquire*, and Exeter Finance Corp., ("Exeter") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief:

WHEREAS the Debtor owns a 2014 CHEVROLET Spark Hatchback 5D LT, V.I.N. KL8CD6S97EC582452 ("vehicle"); and

WHEREAS Exeter filed a Motion for Relief ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor has filed a Response to the Motion; and

WHEREAS the Debtor and Exeter seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The post-petition delinquency on this account is $8,439.82 through October 23, 2017, plus $481.00 in attorney's fees and costs.

2. The Debtor shall file an amended Chapter 13 plan providing payment of the post-petition arrears, totaling $8,920.82 within 15 days of the entry of this Stipulation.

3. Thereafter, the Debtor shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $398.86 due on November 15, 2017, and all such future payments due on the 15th of each month thereafter.

4. If Debtor shall fail to have a plan conforming to this Stipulation or the Debtor fails make to ongoing regular monthly payments or arrears payments and Debtor fails to cure said default within fifteen (15) days after notice by Exeter (or its counsel) of said default, counsel for Exeter may file a Certification of Default with the Court setting forth Debtor's default and Exeter shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362), and Exeter is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and Exeter may file a Certification of Default.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph, then Exeter, through counsel, may file a Certification of Default setting forth said failure and Exeter shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and Exeter is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by Exeter, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Exeter's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

BY THE COURT:

_____
Richard E. Fehling
U.S. BANKRUPTCY JUDGE

Post-Petition Arrears:     $8,439.82
Counsel Fees:     $ 481.00
*Total:*     *$8,920.82*

Exeter Finance Corp.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

DATED: 11/13/17

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: John M. Shollenberger**

By Counsel for Debtor: George M. Lutz, Esquire

By: _____
George M. Lutz, Esquire
Hartman, Valeriano, Magovern & Lutz, PC
1100 Berkshire Blvd.
Suite 301
P.O. Box 5828
Wyomissing, PA 19610
(610) 779-0772

DATED:

Chapter 13 Trustee

By: _____
Frederick L. Reigle, Trustee
2901 St. Lawrence Avenue        11/13/17
P.O. Box 4010
Reading, PA 19606
(610) 779-1313

Please send copies to:

John M. Shollenberger
4620 Dunham Drive
Reading, PA 19606

George M. Lutz, Esq.
Hartman, Valeriano, Magovern & Lutz, PC
1100 Berkshire Blvd.
Suite 301
P.O. Box 5828
Wyomissing, PA 19610

Frederick L. Reigle, Trustee
2901 St. Lawrence Ave.
P.O. Box 4010
Reading, PA 19606

Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race Street
Philadelphia, PA 19107